COBB, Judge,
dissenting.
The majority in its unpublished memorandum holds that the trial court did not err when it denied Thomas Rudd’s motion to suppress evidence. He argued that his statements to the police and evidence as to his sobriety should not have been admitted because, he maintained, they were obtained after an illegal stop and investigation. The stop was illegal, and Rudd’s motion to suppress should have been granted. Therefore, I dissent.
At the hearing on the motion to suppress, Officer Robinson testified that he was on routine patrol on a dead-end dirt road when he saw Rudd’s truck parked on the roadside. Robinson stated that when Rudd saw him, he started his engine and drove away. Robinson “stopped his vehicle as a suspicious vehicle being parked on the side of the road.” (R. 19-20.) Robinson administered field-sobriety tests and arrested Rudd for driving under the influence. Robinson stated that “drug activities” had occurred on the dirt road and that the owners of the deer hunting land on both sides of the dirt road had telephoned the police numerous times, asking the police to check the area “because one time somebody burnt down some machine that they had down there — vandalism such as that.” (R. 19.) However, Robinson admitted that the police had no descriptions of any vehicles that might have been involved in the prior crimes. Rudd had not broken any laws when he stopped the vehicle, Robinson said, and he had no indication at the time that Rudd was engaged in any criminal activity. Robinson acknowledged that Rudd’s driving away when he saw the patrol car did not influence his decision to stop Rudd’s vehicle; he stated, “If he would have stayed *1093 parked, I still would have went out to the vehicle.” (R. 20.) In fact, Robinson testified, “I would have stopped any vehicle because we didn’t have a vehicle description.” (R. 22.) Robinson admitted that he was acting on a hunch, on a mere suspicion, when he stopped Rudd on the road.
The trial court denied the motion to suppress without making any findings of fact. Robinson testified at trial about stopping Rudd and conducting field-sobriety tests. Rudd was convicted of misdemeanor driving under the influence of alcohol.
“The Fourth Amendment prohibits ‘unreasonable searches and seizures’ by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest. Terry v. Ohio, 392 U.S. 1 (1968); United States v. Cortez, 449 U.S. 411, 417 (1981). Because the ‘balance between the public interest and the individual’s right to personal security,’ United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975), tilts in favor of a standard less than probable cause in such cases, the Fourth Amendment is satisfied if the officer’s action is supported by reasonable suspicion to believe that criminal activity ‘ “may be afoot,” ’ United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry, supra, at 30. See also Cortez, 449 U.S., at 417 (‘An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity’).
“When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the ‘totality of the circumstances’ of each case to see whether the detaining officer has a ‘particularized and objective basis’ for suspecting legal wrongdoing. See, e.g., id., at 417-418. This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that ‘might well elude an untrained person.’ Id., at 418. See also Ornelas v. United States, 517 U.S. 690, 699 (1996) (reviewing court must give ‘due weight’ to factual inferences drawn by resident judges and local law enforcement officers). Although an officer’s reliance on a mere ‘ “hunch” ’ is insufficient to justify a stop, Terry, supra, at 27, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard, Sokolow, supra, at 7.
United States v. Arvizu, 534 U.S. 266, 273-74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).
The majority’s analysis in its unpublished memorandum fails to observe the principles established by the United States Supreme Court. The officer’s own testimony at the suppression hearing demonstrates clearly that he was merely relying on a hunch when he stopped Rudd’s vehicle. The officer candidly testified that he had no basis for believing that Rudd was engaging in any criminal activity and that he would have stopped Rudd even if Rudd had not driven away from the area. In fact, the officer stated, he would have stopped any vehicle he had seen on that dirt road.
The majority supports the trial court’s denial of the motion to suppress as follows: “Given the prior reports of criminal activity, and based on his training and experience, Deputy Robinson believed that an *1094 investigatory stop was warranted.” The law as established by the United States Supreme Court, however, requires more than this. “An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.” United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Certainly Robinson was entitled to draw on his own experience as a law-enforcement officer, but the evidence does not indicate that he did so. To the contrary, he testified not only that he would have stopped Rudd whether or not he had driven away from the scene, but also that he would have stopped any vehicle on that road. Rudd was not violating any laws when he was stopped, and the officer provided no “particularized and objective basis” for suspecting that Rudd was involved in criminal activity.
That Officer Robinson was patrolling an area that reportedly was a place where drug activities occurred does not legitimize the stop. “The fact that appellant was in a neighborhood frequented by drug users, standing alone, is not a basis for concluding that appellant himself was engaged in criminal conduct.” Brown v. Texas, 443 U.S. 47, 52, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). In Gaskin v. State, 565 So.2d 675, 676 (Ala.Crim.App.1990), an officer patrolling an area “notorious for drug transactions” testified that he saw a person standing near the driver’s side of a pickup truck and that Gaskin was in the driver’s seat. The officer did not see the two people exchange anything, nor could he determine whether they were engaged in conversation. As the officer approached the scene, Gaskin drove away and the other person walked toward a nearby house. The officer pursued Gaskin and pulled him over. The trial court denied Gaskin’s motion to suppress, finding that the stop was legal and that the evidence obtained from a patdown of Gaskin was lawfully seized. The trial court found that the officer had a reasonable suspicion that a drug transaction had or was going to take place. This Court reversed the trial court’s order. We found that the officer had failed to articulate specific facts to justify his stop of Gaskin’s vehicle.
Our holding in Gaskin requires a reversal here. Gaskin was in a neighborhood noted for drug transactions and a man was standing beside his truck. When the officer approached, the men left the area. That transaction did not support the stop of Gaskin’s vehicle. Rudd’s presence on a dirt road where crimes had been committed, combined with the officer’s hunch, likewise was not sufficient to support a reasonable suspicion of criminal activity.
The United States Supreme Court has stated, “This inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study to dispose of his secret affairs.” Terry v. Ohio, 392 U.S. 1, 8-9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). I believe that this “inestimable right” was violated here. The motion to suppress should have been granted, and the evidence obtained following the stop should have been excluded. Therefore, I dissent.